UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT, JR.,

      Plaintiff,

                                  Case No. 19-13141

v.

                                  Hon. George Caram Steeh

FORD MOTOR CO.,

      Defendant.

_____/

OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS (ECF NO. 9)

      Defendant Ford Motor Company seeks dismissal of Plaintiff's

complaint.  Pursuant to L.R. 7.1(f)(2), the court has determined that

resolution of this matter will not be aided by oral argument.

BACKGROUND FACTS

      Plaintiff David Scott, Jr., is a former employee of Ford Motor

Company.  Scott was a Regional Transportation Manager at Ford's

Sharonville, Ohio plant.  On June 5, 2017, Ford announced its plan to offer

voluntary separation packages to certain groups of employees.  On June 7,

2017, Ford sent an email to eligible employees, including Scott.  Scott

alleges that all regional transportation managers received the same email.

-1-

On June 8, 2017, Scott advised his supervisors that he had received the special incentive plan offer and that he planned to accept it.  The next day, Kristie Kendall, a Ford human resources representative, advised Scott and he had received the email about the separation package in error. Kendall told Scott that Ford was "not offering voluntary packages to employees assigned to plants."  ECF No. 1 at ¶ 13.  Scott alleges that other regional transportation managers were eligible, did not have their offers rescinded, and were approved for benefits.  Ford declined to allow Scott to participate in the plan.

<u>LAW AND ANALYSIS</u>

Plaintiff contends that Ford wrongfully denied him the right to participate in the special incentive plan, in violation of the Employee Retirement Security Act ("ERISA").  Plaintiff seeks to recover benefits due to him under the terms of the plan, pursuant to 28 U.S.C. § 1132(a)(1)(B).

I.   <u>Standard of Review</u>

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal based upon the plaintiff's failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

In general, the court does not consider matters outside the complaint when assessing whether the plaintiff has stated a claim.  *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011).  If the court considers materials outside of the complaint, it must ordinarily treat the motion as one for summary judgment.  *Id.*  However, the court may consider exhibits attached to the complaint, public records, and exhibits that are "referred to in the complaint and central to the claims contained therein" without converting a motion to dismiss to a motion for summary judgment.  *Id.*  The court may properly consider the terms of Ford's special incentive program, which is referred to in the complaint and is central to Plaintiff's claims.  *Id.*; *see also* ECF No. 9-1.

II.    Discussion

Ford's special incentive program ("SIP") covers voluntary separations for certain salaried employees in 2017.  ECF No. 9-1.  Specifically, salaried

employees "who shall have been selected by management, and who shall have become separated from such employment due to voluntary participation in the Program, shall be eligible to receive Benefits as provided under this Program, contingent on signing the Waiver and Release Agreement and the Company confirming the employee's participation in the Program."  *Id.* at PageID 42.  The plan further provides that "[n]o employee shall have a right to Program Benefits; the offer of the Program is at the sole discretion of Ford Motor Company."  *Id.*

ERISA regulates employee benefit plans.  *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983).  However, "ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits."  *Id.* at 91.  *See generally Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996) (noting that ERISA "seek[s] to ensure that employees will not be left empty-handed once employers have guaranteed them certain benefits").

"When interpreting ERISA plan provisions, general principles of contract law apply; unambiguous terms are given their 'plain meaning in an ordinary and popular sense.'"  *Lipker v. AK Steel Corp.*, 698 F.3d 923, 928 (6th Cir. 2012) (citation omitted).

Only a "participant or beneficiary" of a plan has standing to bring an action for benefits under ERISA.  The Supreme Court defined "participants" to include former employees who have "a reasonable expectation of returning to covered employment" or "who have a 'colorable claim' to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (citation omitted).  "In order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Id.* at 117-18.

Plaintiff argues that he is a participant in the plan because he is a former employee with a colorable claim for benefits.  Plaintiff contends that he met the stated criteria of the SIP because he was a Manufacturing Staff employee and he was invited to participate in the plan.  To be eligible, however, Plaintiff must have been "selected by management."  Further, Plaintiff's eligibility was "contingent on signing the Waiver and Release Agreement and the Company confirming the employee's participation in the Program."  ECF No. 9-1 at PageID 42.

Although Plaintiff initially received notice of his eligibility, he neither signed a Waiver and Release Agreement nor received confirmation of his participation from Ford.  Therefore, Plaintiff did not meet the eligibility

-5-

requirements under the clear terms of the plan.  Moreover, the SIP

provides that an offer of benefits is within the "sole discretion" of Ford.

Such discretionary decisions regarding offering early retirement to some

employees, but not others, are not proscribed by ERISA.  *See, e.g., McNab*

*v. General Motors Corp.*, 162 F.3d 959, 961-62 (7th Cir. 1998) ("If it is

lawful to adopt a plan that gives discretion to senior managers, it must be

lawful to *use* that discretion to evaluate what the 'best interests' of the firm

are."); *Bair v. General Motors Corp.*, 895 F.2d 1094, 1097-98 (6th Cir.

1990) (although plaintiff was initially offered early retirement, he had no

contractual right to benefits when the offer was contingent upon receiving

corporate approval, which was denied); *Moloney v. Ford Motor Co.*, 72

F.3d 130 (1995) (unpublished) (plaintiff did not have colorable claim for

early retirement benefits when participation was offered "at management's

discretion"); *Bailey v. U.S. Enrichment Corp.*, 530 Fed. Appx. 471, 474 (6th

Cir. 2013) ("[T]here is no question that employers are permitted to set up

plans that given them complete discretion over whether or not to award

severance benefits.").[1]

---

[1] In light of this authority, Plaintiff's reliance upon an unpublished decision from the Northern District of Oklahoma is neither binding nor persuasive.  *See Cooper v. Occidental Petroleum Corp.*, 2017 WL 1652576 (N.D. Okla. May 1, 2017).

Plaintiff's argument that he was treated less favorably than other regional transportation managers is unavailing. *See Shaw*, 463 U.S. at 90 (ERISA "does not itself proscribe discrimination in the provision of employee benefits"); *McNab*, 162 F.3d at 960-62 (rejecting argument that employer must exercise discretion in offering severance plan participation "so that every similar case company-wide is treated identically").

Plaintiff has not alleged facts establishing that he has a colorable claim to vested benefits and is a "participant" of the SIP. Therefore, he lacks standing to bring an action for benefits under ERISA.

<u>ORDER</u>

IT IS HEREBY ORDERED that Defendant's motion to dismiss (ECF No. 9) is GRANTED.

Dated: March 23, 2020

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 23, 2020, by electronic and/or ordinary mail.

<u>s/Brianna Sauve</u>
Deputy Clerk